Connie L. Chen (SBN 275649)
Connie.Chen@jacksonlewis.com
Paul J. Cohen (SBN 293797)
Paul.Cohen@jacksonlewis.com
Sean Choi (SBN 312256)
Sean.Choi@jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430

Attorneys for Defendants
WALDORF=ASTORIA MANAGEMENT LLC (erroneously sued and served as WALDORF ASTORIA MANAGEMENT COMPANY LLC); and WALDORF=ASTORIA EMPLOYER LLC (erroneously sued and served as WALDORF ASTORIA EMPLOYER LLC; also erroneously sued and served as LAQUINTA RESORT & CLUB A WALDORF ASTORIA RESORT)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CASEY DOE, an individual

Plaintiff,

vs.

WALDORF ASTORIA MANAGEMENT COMPANY LLC; WALDORF ASTORIA EMPLOYER LLC; LAQUINTA RESORT & CLUB A WALDORF ASTORIA RESORT; MICHAEAL ESCALANTE, an individual; and DOES 1 through 100, inclusive.

Defendants.

**CASE NO.:**

[Los Angeles Superior Court Case No. 22STCV14347]

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. § 1332, 1441**

[Filed Concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Declarations of James Smith, Rose Walz, Michael Escalante, and Connie L. Chen; Notice of Interested Parties; and Proof of Service]

Complaint Filed: April 29, 2022

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants WALDORF=ASTORIA MANAGEMENT LLC (erroneously sued and served as "Waldorf Astoria Management Company LLC"), and WALDORF ASTORIA EMPLOYER LLC (erroneously sued and served as WALDORF ASTORIA EMPLOYER LLC; also erroneously sued and served as LAQUINTA RESORT & CLUB A WALDORF ASTORIA RESORT) hereby invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(b) and remove the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles on the grounds of diversity jurisdiction.

Dated: July 28, 2022

JACKSON LEWIS P.C.

By: /s/ *Connie L. Chen*

Connie L. Chen
Paul J. Cohen
Sean Choi

Attorneys for Defendants WALDORF=ASTORIA MANAGEMENT LLC; and WALDORF=ASTORIA EMPLOYER LLC

# TABLE OF CONTENTS


I. INTRODUCTION ..... 8

II. VENUE AND STATEMENT OF JURISDICTION ..... 8

III. SERVICE ON THE STATE COURT ..... 9

IV. DIVERSITY OF CITIZENSHIP ..... 10

V. AMOUNT IN CONTROVERSY ..... 14

VI. NO ADMISSION ..... 18

VII. CONCLUSION AND REQUESTED RELIEF ..... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Buie v. Extended Stay Hotels* (E.D. Cal. May 16, 2018)
2018 U.S. Dist. LEXIS 82834 .......... 10

*Canales v. Performance Food Grp., Inc.* (C.D. Cal. Nov. 30, 2017)
2017 U.S. Dist. LEXIS 197363 .......... 16

*Dart Cherokee Basin Operating Co., LLC v. Owens* (2014)
135 S. Ct. 547 .......... 13

*Egan v. Premier Scales & Sys.* (W.D. Ky. 2002)
237 F.Supp.2d 774 .......... 16

*Fritsch v. Swift Transportation Co. of Arizona*,
LLC (9th Cir. 2018) 899 F.3d 785 .......... 17

*Galt G/S v. JSS Scandinavia* (9th Cir. 1998)
142 F.3d 1150 .......... 16

*Gibson v. Chrysler Corp.* (9th Cir. 2001)
261 F.3d 927 (9th Cir. 2001) .......... 15

*Hertz Corp. v. Friend* (2010)
559 U.S. 77 .......... 10

*Hurd v. Am. Income Life Ins*. (C.D. Cal. Oct. 10, 2013)
2013 U.S. Dist. LEXIS 147849 .......... 15

*Johnson v. Columbia Props. Anchorage, LP* (9th Cir. 2006)
437 F.3d 894 .......... 10

*Kanter v. Warner–Lambert Co.* (9th Cir. 2001)
265 F.3d 853 .......... 9

*Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983)
704 F.2d 1088 .......... 9

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002)
199 F.Supp.2d 993 .......... 14

*Kroske v. U.S. Bank Corp.* (9th Cir. 2005)
432 F.3d 976 .......... 14, 16

*Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005)
479 F.3d 994 .......... 16

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999)
526 U.S. 344 .......... 8, 12, 13

*Pollard v. E.I. du Pont de Nemours & Co.* (2001)
532 U.S. 843 .......... 14

*Ponce v. Medical Eyeglass Ctr., Inc*. (C.D. Cal. July 27, 2015)
2015 U.S. Dist. LEXIS 98517 .......... 17

*Proctor v. Vishay Intertechnology Inc.* (9th Cir. 2009)
584 F.3d 1208 .......... 12

*Rippee v. Boston Market Corp.* (S.D. Cal. 2005)
408 F.Supp.2d 982 .......... 14

*Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996)
102 F.3d 398 .......... 13

*Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal. March 3, 2015)
2015 U.S. Dist. LEXIS 25921 .......... 16

*Simmons v. PCR Tech.* (N.D. Cal. 2002)
209 F.Supp.2d 1029 .......... 16

*Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997)
116 F.3d 373 .......... 13

*State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994)
19 F.3d 514 .......... 9

*Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002)
300 F.3d 1129 .......... 9

*Velez v. Roche* (N.D. Cal. 2004)
335 F.Supp.2d 1022 .......... 16

**California Cases**

*Casey Doe v. Waldorf Astoria Management Company LLC, et al.*,
Case No. 22STCV14347 ....... *passim*

*Gardenhire v. Housing Authority* (2000)
85 Cal.App.4th 236 ....... 16

*Keiffer v. Bechtel Corp.* (1998)
65 Cal.App.4th 893 ....... 15

*Silo v. CHW Medical Foundation* (2001)
86 Cal.App.4th 947 ....... 16

*Wise v. Southern Pac. Co.* (1970)
1 Cal.3d 600 ....... 14

*Wysinger v. Auto. Club of S. Cal.* (2007)
157 Cal. App. 4th 413 ....... 17

**Other State Cases**

*Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC*
(1984) ....... 15

**Federal Statutes**

28 U.S.C.
§§ 84(b), 1391 and 1441(a) ....... 7
§ 1332 ....... *passim*
§§ 1332, 1441, and 1446 ....... 7
§ 1332 (a) ....... 9, 13
§ 1332(c)(1) ....... 10

28 U.S.C
§ 1441(a) ....... 9, 13

28 U.S.C.
§ 1441(a) and (b) ....... 18
§ 1441(b) ....... 9
§ 1446(a) ....... 18
§ 1446(b) ....... 8
§ 1446(d) ....... 8

**California Statutes**

Civil Code
§ 51 and § 52.1(b) .......... 7

Government Code
§§ 12940 et seq. .......... 7

**Other Authorities**

Federal Rules of Civil Procedure Rule 11 .......... 18

## I. INTRODUCTION

Defendants Waldorf=Astoria Management LLC and Waldorf=Astoria Employer LLC (jointly "Defendants") remove this case to this Court based on diversity jurisdiction. Complete diversity of citizenship exists between Plaintiff Casey Doe ("Plaintiff") and all named defendants in this action, and the amount in controversy, as alleged in Plaintiff's Complaint, far exceeds $75,000.

## II. VENUE AND STATEMENT OF JURISDICTION

1. This action was filed in the Superior Court of the State of California in and for the County of Los Angeles. Therefore, venue properly lies in the United States District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 84(b), 1391 and 1441(a).

2. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332. The diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal. *See* 28 U.S.C. §§ 1332, 1441, and 1446.

3. On April 29, 2022, Plaintiff filed a civil complaint in the Superior Court of the State of California in and for the County of Los Angeles entitled *Casey Doe v. Waldorf Astoria Management Company LLC, et al.,* Case No. 22STCV14347. ("Complaint"). (Declaration of Connie L. Chen ("Chen Decl."), ¶ 2 and Exhibit A attached thereto.) Plaintiff's Complaint sets forth five causes of action: (1) sexual harassment in violation of Government Code §§ 12940 et seq.; (2) failure to investigate and prevent sexual harassment; (3) violation of Civil Code § 51 and § 52.1(b); (4) intentional infliction of emotional distress; and (5) negligent hiring, retention and supervision. (*See id*).

4. On April 29, 2022, the Clerk of the Los Angeles County Superior Court filed the following documents: (1) Alternate Dispute Resolution Packet; (2) First Amended General Order re: Mandatory Electronic Filing; (3) Voluntary Efficient Litigation

Stipulation Packet; and (4) Notice of Case Assignment. (Chen Decl. ¶ 3, Exhibit B).

5. On May 13, 2022, the Clerk of the Los Angeles County Superior Court filed a Notice of Case Management Conference setting a Case Management Conference for August 31, 2022 at 8:30 a.m. (Chen Decl. ¶ 4, Exhibit C).

6. On June 28, 2022, Plaintiff filed a Notice of Posting of Jury Fees. (Chen Decl. ¶ 5, Exhibit D).

7. On July 1, 2022, Plaintiff served Defendants with the Complaint, Summons, and Civil Case Cover Sheet. (Chen Decl. ¶ 6, Exhibit E).

8. On July 6, 2022, and July 12, 2022, Plaintiff filed Proofs of Service of Summons with the Los Angeles County Superior Court regarding service on Defendants. (Chen Decl. ¶ 7, Exhibit F).

9. As of the date of this filing, Exhibits A-F to the Chen Decl. constitute all of the pleadings, processes, or orders that have been filed or served in this action, and no further proceedings have occurred in the state court. (Chen Decl., ¶ 8.)

10. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 354 (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). Furthermore, "if defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to the removal." 28 U.S.C. § 1446(b). Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## III. SERVICE ON THE STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Los Angeles County

Superior Court.

## IV. DIVERSITY OF CITIZENSHIP

12. This Notice of Removal is based on diversity jurisdiction. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . ." *See* 28 U.S.C. § 1332 (a).

13. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 U.S.C § 1441(a). Any case that could have commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

14. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as discussed below.

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.* (9th Cir. 1983) 704 F.2d 1088, 1090; *see also, Strotek Corp. v. Air Transport Ass'n of Am.* (9th Cir. 2002) 300 F.3d 1129, 1131 (for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.* (9th Cir. 2001) 265 F.3d 853, 857. Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer* (10th Cir. 1994) 19 F.3d 514, 520.

/ / /

16. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. See *Johnson v. Columbia Props. Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899. A party may establish the citizenship of members of an LLC that are business entities by establishing the state of organization of those business entities and their principal place of business. *Buie v. Extended Stay Hotels* (E.D. Cal. May 16, 2018) 2018 U.S. Dist. LEXIS 82834, * 5-6.

17. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any State where it has been incorporated and of the State where it has its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend* (2010) 559 U.S. 77, 92-99, "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters."

18. Here, Plaintiff alleges that she is a resident of the State of California, County of Los Angeles. (*See* Complaint, ¶ 1, attached as Exhibit A to Chen Decl., ¶ 2). Plaintiff also listed and maintained a California address on file with Defendants for purposes of her personnel file and payroll checks during the period of her employment with Defendants. (Declaration of Rose Walz, ¶ 8). Accordingly, Plaintiff is, and at all times since the commencement of this action has been, a citizen of the State of California.

19. Defendant **Waldorf=Astoria Management LLC** is duly formed under the laws of the State of Delaware. (Declaration of James Smith, ¶ 4). At all relevant times, Defendant Waldorf=Astoria Management LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. (*Id.*) Defendant Waldorf=Astoria Management LLC controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (*Id*). Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (*Id*). Its members also meet at its headquarters in McLean, Virginia. (*Id*).

20. In addition, as a limited liability company, Defendant Waldorf=Astoria Management LLC's citizenship is further determined by its members. Defendant Waldorf=Astoria Management LLC's sole member is Hilton Domestic Operating Company Inc. (*Id.* at ¶ 5).

21. Hilton Domestic Operating Company Inc. is incorporated under the laws of the State of Delaware. (*Id.* at ¶ 6). At all relevant times, Hilton Domestic Operating Company Inc.'s headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. (*Id*). Hilton Domestic Operating Company Inc. controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (*Id*). Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (*Id*).

22. Accordingly, Defendant Waldorf=Astoria Management LLC is not a citizen of the State of California. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant Waldorf=Astoria Management LLC within the meaning of 28 U.S.C. § 1332.

23. Defendant **Waldorf=Astoria Employer LLC** is duly formed under the laws of the State of Delaware. (*Id.* at ¶ 7). At all relevant times, Defendant Waldorf=Astoria Employer LLC's headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. (*Id*). Defendant Waldorf=Astoria Employer LLC controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (*Id*). Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from this office. (*Id*). Its members also meet at its headquarters in McLean, Virginia. (*Id*).

24. In addition, as a limited liability company, Defendant Waldorf=Astoria Employer LLC's citizenship is further determined by its members. Defendant Waldorf=Astoria Employer LLC's sole member is Hilton Employer Inc. (*Id.* at ¶ 8).

25. Hilton Employer Inc. is incorporated under the laws of the State of Delaware. (*Id.* at ¶ 9). At all relevant times, Hilton Employer Inc.'s headquarters, and thus its principal place of business, has been in the Commonwealth of Virginia. (*Id*). Hilton Employer Inc. controls its operations from its McLean, Virginia, headquarters, located at 7930 Jones Branch Drive, McLean, Virginia, 22102. (*Id*). Its main office and management functions are concentrated at its headquarters in McLean, Virginia, and its officers direct, control, and coordinate its activities from its headquarters. (*Id*).

26. Accordingly, Defendant Waldorf=Astoria Employer LLC is not a citizen of the State of California. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant Waldorf=Astoria Employer LLC within the meaning of 28 U.S.C. § 1332.

27. Defendant Waldorf=Astoria Employer LLC has also been erroneously sued and served as "LaQuinta Resort & Club a Waldorf Astoria Resort." LaQuinta Resort & Club a Waldorf Astoria Resort is not, nor has it ever been, a legal entity. (*Id.* at ¶ 10). Accordingly, this erroneously named and non-existent defendant must be disregarded for the purposes of determining diversity of citizenship.

28. Lastly, individual defendant Michael Escalante (erroneously sued as "Michaeal Escalante") (hereafter "Escalante") has been domiciled in, and a permanent resident and citizen of the State of Florida since on or about July 2005 through the present. (Declaration of Michael Escalante, ¶ 3). Escalante intends to continue residing in the State of Florida for the foreseeable future. (*Id*). Because Escalante is a resident and citizen of the State of Florida, and not California, complete diversity of citizenship exists between Plaintiff and Escalante within the meaning of 28 U.S.C. § 1332.

29. As of the date of the filing of this removal, Defendants are informed and believe that Plaintiff has failed to serve Escalante with the Summons or Complaint in this action.

30. Unserved defendants, such as Escalante, are not required to join or consent to removal. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 347-48; *see also Proctor v. Vishay Intertechnology Inc.* (9th Cir. 2009) 584 F.3d 1208, 1225.

In *Murphy Brothers*, the Supreme Court ruled that a defendant may not be required to take any action in a civil case ***until proper service has been made***. Thus, under this Supreme Court ruling, ***no procedural burden may be imposed on a defendant unless proper service has been made***, including a requirement that the defendant be forced to consider whether to join in the notice of removal. Following *Murphy*, a removing defendant need not obtain the consent of a defendant that has not yet been properly served.

31. Plaintiff has also named as Defendants DOES 1 through 100. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

32. Based on the foregoing, because Plaintiff is a citizen of California, and none of the Defendants are citizens of California, this action is brought between citizens of different States under the definition of 28 U.S.C. § 1332.

## V. AMOUNT IN CONTROVERSY

33. This Court has jurisdiction over this case because the amount in controversy, exclusive of interests and costs, exceeds $75,000. 28 U.S.C. § 1332 (a).

34. Defendants' Notice of Removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens* (2014) 135 S. Ct. 547, 554 (emphasis added). Defendants need not submit evidence in support of its notice of removal. *Id.* at 553 ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Even if an evidentiary showing were required, Defendants need only show by a preponderance of the evidence that the amount-in-controversy requirement has been satisfied. *Id.* at 553-54; *see also, Singer v. State Farm Mutual Auto Ins. Co.* (9th Cir. 1997) 116 F.3d 373, 377; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404.

35. In measuring the amount in controversy, the Court must assume that the allegations in the Complaint are true and that a jury will return a verdict in favor of Plaintiff

on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.* (S.D. Cal. 2005) 408 F.Supp.2d 982, 986, citing *Scherer v. Equitable Life Assurance Soc'y of the U.S.* (2d Cir. 2003) 347 F.3d 394, 399 (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). The amount in controversy includes the "amount of damages in dispute, as well as attorney's fees," and the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.

36. Defendants deny the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties, assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332, as set forth below:

37. Plaintiff alleges that she has suffered and will continue to suffer actual damages "including, but not limited to, loss of earnings and future earning capacity, loss of benefits, medical and related expenses for care and procedures both now and in the future, attorneys' fees, and other pecuniary loss not presently ascertained." *See* Complaint, ¶¶ 25, 44, 63, 85, 103, and Prayer. If Plaintiff prevails on her Fair Employment and Housing Act claims, she could recover the amount she would have earned up to the date of trial, including any benefits or pay increases. *See* Judicial Council of California, Civil Jury Instructions Nos. 350 *et seq*., 2433 (2011); *Wise v. Southern Pac. Co.* (1970) 1 Cal.3d 600, 607. Plaintiff could also be entitled to front pay, awarded for lost compensation during the period between judgment and reinstatement, or in lieu of reinstatement. *Pollard v. E.I. du Pont de Nemours & Co.* (2001) 532 U.S. 843, 848. California decisions from the Fair

Employment and Housing Commission generally limit damages for purported future pay losses to one (1) to two (2) years. *Department of Fair Emp't & Housing v. Smitty's Coffee Shop, FEHC* (1984) Precedent Decision No. 84-25 (expressly adopting federal court view that front pay should be limited and recommending "fixed period" such as a year or two).

38. Plaintiff's last rate of pay during her employment with Defendants was approximately $81,952 per year, not including any benefits or bonuses. (Declaration of Rose Walz, ¶¶ 6-7). While it is unclear from the allegations of the Complaint how much Plaintiff is seeking to recover in lost earnings, conservatively assuming that Plaintiff were to recover one-year of back pay, she would receive approximately **$81,947** (not including the value of bonuses, benefits, and potential pay increases). Furthermore, conservatively assuming that Plaintiff recovers one-year of front pay if she were to prevail, the front pay will also amount to approximately **$81,947**. Thus, the lost earnings component of Plaintiff's potential damages could, conservatively, add at least **$163,894** to the amount in controversy.

39. Plaintiff also claims damages from emotional distress, including "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety." *See* Complaint, ¶¶ 26, 45, 64, 86, 104, and Prayer. Emotional distress damages further augment the amount in controversy and demonstrate that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.* (9th Cir. 2001) 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy).

40. While Plaintiff has not quantified the value of her alleged emotional distress damages, she is likely to allege that they are substantial. *Hurd v. Am. Income Life Ins*. (C.D. Cal. Oct. 10, 2013) 2013 U.S. Dist. LEXIS 147849, at *17 ("emotional distress damages in discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum."). Indeed, prevailing plaintiffs in employment disputes regularly are awarded emotional distress damages in excess of $75,000. *Keiffer v. Bechtel Corp.* (1998) 65 Cal.App.4th 893, 895 (California Court of Appeal upheld jury award in excess

of $75,000 for emotional distress damages); *Silo v. CHW Medical Foundation* (2001) 86 Cal.App.4th 947, 955 (jury award in excess of $75,000 in non-economic damages was upheld in wrongful termination lawsuit); *Egan v. Premier Scales & Sys.* (W.D. Ky. 2002) 237 F.Supp.2d 774, 776 (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement."); *Canales v. Performance Food Grp., Inc.* (C.D. Cal. Nov. 30, 2017) 2017 U.S. Dist. LEXIS 197363 at *10-12 (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC* (C.D. Cal. March 3, 2015) 2015 U.S. Dist. LEXIS 25921 at *12-14 (holding amount in controversy was satisfied because in employment discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1033-1034 (noting that emotional distress damages in employment actions are often substantial); *Velez v. Roche* (N.D. Cal. 2004) 335 F.Supp.2d 1022, 1038-40 (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . the plaintiff suffered heightened mental anguish"); *Gardenhire v. Housing Authority* (2000) 85 Cal.App.4th 236, 237 (upholding emotional distress award of $1.3 million in a case alleging retaliation).

41. Based on this authority, and based on Plaintiff's allegations of "severe and permanent" emotional distress, the emotional distress component of Plaintiff's potential damages could, conservatively, add at least **$75,000** to the amount in controversy.

42. Plaintiff's Complaint also seeks attorneys' fees. *See* Complaint, ¶¶ 32, 49, 67, 91, 109, and Prayer. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Lowdermilk v. U.S. Bank Nat'l Assoc.* (9th Cir. 2005) 479 F.3d 994, 1000; *Kroske* (9th Cir. 2005) 432 F.3d at 980; *Galt*

*G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-1156 (attorneys' fees may be taken into account to determine jurisdictional amounts). Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, LLC (9th Cir. 2018) 899 F.3d 785, 795-96. Attorneys' fees awards in employment matters often exceed $75,000. *See, e.g. Wysinger v. Auto. Club of S. Cal.* (2007) 157 Cal. App. 4th 413, 430-31 (upholding attorneys' fee award of $978,791.00 for discrimination/retaliation case that went to trial).

43. Assuming a conservative rate of $400.00 per hour, and conservatively assuming only 200 hours of attorney time spent by Plaintiff's counsel through trial, Plaintiff's recoverable attorneys' fees would total approximately **$80,000**. Thus, Plaintiff's potential attorneys' fees alone exceed the jurisdictional minimum.

44. Plaintiff also seeks to recover "punitive and exemplary damages." *See* Complaint, ¶¶ 29, 46, 65, 89, 105, and Prayer. Although Defendants vigorously deny Plaintiff's allegations and that she is entitled to any damages, let alone punitive damages, if Plaintiff was to prevail, punitive damages alone could exceed the $75,000 jurisdictional minimum. *See, e.g., Ponce v. Medical Eyeglass Ctr., Inc*. (C.D. Cal. July 27, 2015) 2015 U.S. Dist. LEXIS 98517, at *11-12 (citing punitive damages awards in large amounts, including, $2,340,700, $200,000, and $40,000,000).

45. Based on the above, Plaintiff's potential recovery for lost earnings, emotional distress damages, and attorneys' fees conservatively total **$318,894**, easily satisfying the $75,000 threshold. This also excludes any potential punitive damages that could be recovered if Plaintiff were to prevail.

## VI. NO ADMISSION

46. Defendants do not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor do Defendants concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

/ / /

## VII. CONCLUSION AND REQUESTED RELIEF

47. For the reasons described above, Plaintiff's claims are properly removable under 28 U.S.C. § 1441(a) and (b). Accordingly, Defendants respectfully request that this Court proceed with this matter as if it had been originally filed herein.

48. The undersigned counsel for Defendants has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

Dated: July 28, 2022

JACKSON LEWIS P.C.

By: /s/ *Connie L. Chen*

Connie L. Chen
Paul J. Cohen
Sean Choi

Attorneys for Defendants
WALDORF=ASTORIA MANAGEMENT LLC; and WALDORF=ASTORIA EMPLOYER LLC

4886-6065-9755, v. 2